UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Criminal Case No. 22-20513
                                                  Honorable Linda V. Parker

ONAJI NEELY,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS (ECF NO. 21)

On October 11, 2022, a federal grand jury issued an indictment charging Defendant Onaji Neely with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Neely now moves for the Court to dismiss his indictment, arguing that § 922(g)(1) is facially unconstitutional in light of the Supreme Court's holding in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Specifically, Mr. Neely maintains that "[b]ecause possession of a firearm comes within the Second Amendment's 'plain text,' Mr. Neely's conduct is presumptively protected." (ECF No. 21 at Pg ID 21.) For the following reasons, the Court denies the motion.

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In other words, the Second

Amendment "protect[s] the right of an ordinary, *law-abiding* citizen to possess a handgun in the home for self-defense" and "to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010)) (emphasis added).  To assess the constitutionality of a firearms regulation under the new framework in *Bruen*, the Court must follow a two-step approach.  First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2129–30.  Second, when a regulation burdens such presumptively protected conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

Here, Mr. Neely argues that the plain text of the Second Amendment covers his conduct, namely that he—despite being a felon in possession of a firearm—is considered a part of "the people" within the meaning of the Second Amendment. (ECF No. 21 at Pg ID 59.)  However, this argument is categorically incorrect because the question of whether felons fall within the scope of the Second Amendment's protection has already been answered: they do not.  Contrary to Mr. Neely's argument, the Supreme Court in *Bruen* did not overturn, re-write, or alter *Heller*'s holdings regarding the scope of the Second Amendment's limitations.  *See Bruen*, 142 S. Ct. at 2126 (noting that the Court's decision in *Bruen* is "[i]n

2

keeping with *Heller*."[1]). In *Heller*, the Court held that "[t]he Second Amendment does not protect those weapons not typically possessed by *law-abiding* citizens for lawful purposes," and concluding that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *Heller,* 554 U.S. at 625-26 (emphasis added); *see also McDonald*, 561 U.S. at 786 (emphasizing that *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill.") (internal quotations omitted).

Since the Supreme Court's holding in *Heller*, every appellate court has upheld the constitutionality of restrictions on the possession of firearms by felons under § 922. *See, e.g., United States v. Booker*, 644 F.3d 12, 23-24 (1st Cir. 2011); *United States v. Stuckey*, 317 F. App'x 48, 50 (2d Cir. 2009); *Folajtar v. Att'y Gen. of the United States*, 980 F.3d 897, 900 (3d Cir. 2020); *United States v. Yates*, 746 F. App'x 162, 164 (4th Cir. 2018); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (citing *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008)); *United States v.*

---

[1] Specifically, Justice Alito noted that *Bruen* does not "disturb[ ] anything that [the Court] said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 2157 (Alito, J., concurring). Joining in concurrence, Justice Kavanaugh, joined by Chief Justice Roberts, emphasized that "the Second Amendment allows a 'variety' of gun regulations," reiterating that *Bruen* was not "cast[ing] doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 2162. (Kavanaugh, J. and Roberts, C.J., concurring).

3

*Williams*, 616 F.3d 685, 692 (7th Cir. 2010); *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011); *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir. 2010); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010); *Medina v. Whitaker*, 913 F.3d 152, 160 (D.C. Cir. 2019). Post-*Bruen*, numerous courts, including this Court and other courts in this District, have concluded that *Bruen* did not disturb *Heller* regarding felon firearm possession.[2] *United States v. Hazley*, No. 22-cr-20612, 2023 WL 3261585 (E.D. Mich. May 4, 2023) (Parker, J.); *see also, e.g., United States v. Bluer*, No. 22-cr-20557, 2023 WL 3309844 (E.D. Mich. May 8, 2023) (Michelson, J.); *United States v. Smith*, No. 2:22-cr-20351, 2023 WL 2215779 (E.D. Mich. Feb. 24, 2023) (Goldsmith, J.); *United States v. Burrell*, No. 3:21-cr-20395, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); (Cleland, J.). Because the plain text of the Second Amendment provides that felons are not considered "the people" for purposes of carrying firearms, *see Heller,* 554 U.S. at 625-26, the Court need not reach the second prong established under *Bruen*. 142 S. Ct. at 2130.

---

[2] The Sixth Circuit has yet to opine on the issue post-*Bruen*. However, beyond the courts in this District, the government provides an extensive and non-exhaustive list of additional district courts that support this position. (*See* ECF No. 24 at Pg ID 106-09.)

In light of this precedent, Mr. Neely fails to demonstrate that § 922(g)(1) is unconstitutional, or that his indictment should be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss the Indictment (ECF No. 21) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 25, 2023